## No. 980.

### A. TERTROU vs. C. C. DURAND ET AL.

The probate court in which a succession is opened has jurisdiction of all suits to destitute the administrator and all demands involving his duties.

Two or more demands, not exclusive of each other, may be properly cumulated in one suit.

APPEAL from the Probate Court, parish of St. Martin.   *Fournet, J.*

*Joseph A. Breaux, William F. Schwing,* and *L. J. Gary,* for plaintiff and appellant.

*Felix Voorhies* and *Martin Voorhies,* for defendants.

The opinion of the court was delivered by

SPENCER, J.  Plaintiff brings this suit in the parish court of St. Martin:

First—To enjoin as extinguished by compensation a judgment for damages for two hundred and fifty dollars, interest, and costs, rendered against him in the same court in favor of the administrator of the estate of Durand, the defendant.

Second—To compel the administrator of said estate and the sheriff to complete and deliver to him a deed of certain property bought by him at probate sale of said estate, made under order and decree of said court, and to obtain possession under said adjudication, and to declare void a subsequent adjudication made to said administrator and his brother of the same property.

Third—To remove said administrator from office for malfeasance in his administration.

The defendant moved to dismiss plaintiff's proceedings and suit on the following grounds:

First—*Lis pendens,* for that plaintiff had brought the same suit in the district court for St. Martin.

Second—That there is an illegal cumulation of demands in plaintiff's petition.

Third—That said injunction should be dissolved, first, for insufficiency of bond; second, because the plaintiff does not allege that his property

Tertrou vs. Durand.

has been seized and advertised, but merely that the sheriff is *annoying* and *harassing* him, and is *about to sell* his property, which is insufficient; third, because the court is without jurisdiction *ratione materiæ* to declare the nullity of said second adjudication, or to liquidate plaintiff's claim; fourth, because Tertrou's claim, pleaded in compensation of said judgment, is a contested and unliquidated one; fifth, because, even if liquidated, it can not be pleaded in compensation of a judgment for special damages and costs due to third persons.

There was judgment dismissing plaintiff's suit as to his second and third demands above stated for want of jurisdiction. His first demand was rejected on the ground that plaintiff's claim is not such a liquidated claim as can be pleaded in compensation by way of injunction, which the court dissolved, with one hundred and fifty dollars special damages as attorney's fees.

This judgment is clearly erroneous. The parish court having jurisdiction of the settlement of the estate of Durand, and having ordered the sale in question, is the only proper tribunal to compel the administrator and sheriff to do their duty and to make deeds to purchasers, and, incidentally, to adjudge illegal the second adjudication. It is, likewise, the proper and only tribunal to decide upon the demand for destitution of the administrator.

There is no dispute as to its jurisdiction to try the injunction. Hence we find all the matters alleged by plaintiff to be properly cognizable by the parish court, and, therefore, not within the jurisdiction of the district court. Hence the suit in the latter can not be *lis pendens* to this suit, but is *coram non judice*.

We think there is no force in the defendant's objection that the demands of plaintiff are improperly cumulated. There is no inconsistency between them, and there is no good reason why a party having three demands, not exclusive of each other, should not unite them in one suit, and thus diminish litigation. The administrator is the principal and real defendant, the others being only incidentally connected with some of the issues.

We can not pass upon the correctness of the decree so far as it dissolves the injunction and inflicts one hundred and fifty dollars damages, for the reason that the case can not be tried piecemeal. But we must say that the damages awarded, one hundred and fifty dollars, for defending an injunction suit of an amount not exceeding three hundred dollars, is unreasonable and excessive.

Perhaps it would not be amiss for this court to state, with the view of facilitating a settlement of the vexatious litigations in this matter, that this court has recently held, in the case of "Succession of D. Triche," that a special mortgage creditor, purchasing the property subject to his

mortgage at probate sale, may retain the price until settlement of the estate upon giving security to refund such part as may be found due on final settlement.

This case must be remanded.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and that this cause be remanded to the court below to be proceeded with according to law, defendants paying costs of this appeal.